**BOUTIN JONES INC.**
Michael E. Chase (SBN 214506)
Shea J. Kenny (SBN 305068)
555 Capitol Mall, Suite 1500
Sacramento, CA 95814-4603
T: (916) 321-4444/F: (916) 441-7597
Email: mchase@boutinjones.com
        skenny@boutinjones.com

Attorneys for Plaintiff Creekstone Creative, LLC

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| CREEKSTONE CREATIVE, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>AKSELL NICOLAIDES, an individual,<br><br>Defendant. | **Case No.:**<br><br>**COMPLAINT FOR:**<br><br>1. Federal Trademark Infringement (15 U.S.C. § 1114)<br>2. False Designation of Origin and Unfair Competition (15 U.S.C. § 1125(a))<br>3. Cybersquatting (15 U.S.C. § 1125(d))<br>4. Common Law Trademark Infringement<br>5. Unfair Business Practices (Cal. Bus. & Prof. Code § 17200, et seq.)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Creekstone Creative, LLC ("Plaintiff") brings this Complaint against Defendant Aksell Nicolaides ("Defendant") pursuant to the Lanham Act (15 U.S.C. § 1051 *et seq.*), the Cal. Bus. & Prof. Code § 17200, *et seq.*, and the common law, arising from Defendant's unauthorized use of Plaintiff's registered trademark and confusingly similar domain name in connection with competing marketing services. Plaintiff seeks to enjoin trademark infringement and unfair competition, and to recover damages and an accounting of Defendant's profits associated with said offending activities, among other forms of relief.

/ / /

/ / /

1

COMPLAINT                                                          4903-8803-7798.2

For their Complaint, Plaintiff states as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (actions arising under an Act of Congress relating to trademarks), as this action arises under the Lanham Act, 15 U.S.C. § 1051, et seq., including 15 U.S.C. §§ 1114, 1125(a), and 1125(d).

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as such claims are so related to the federal claims that they form part of the same case or controversy.

3. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant has directed infringing activities toward residents of the State of California and this judicial district through the operation of the website "www.marketstormai.com," which is accessible to and targets consumers within this district, and because Defendant's infringing conduct has caused and continues to cause injury to Plaintiff in this district.  Defendant's website using the domain name "www.marketstormai.com" specifically targets consumers in the United States, and in this district, by, amongst other things, including testimonials from and examples of purported customers within the United States.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district. Plaintiff is headquartered in Elk Grove, California, which is located within the Eastern District of California, and has suffered harm in this district as a result of Defendant's infringing activities.

## THE PARTIES

5. Plaintiff Creekstone Creative, LLC is a California limited liability company with its principal place of business at 9355 E. Stockton Blvd., Suite 165, Elk Grove, California 95624.

6. On information and belief, Defendant Aksell Nicolaides, the last known address for whom is at 137 Goodman Drive, Ottawa, Canada ON K2W 1C7, is an individual purporting to offer marketing and customer-acquisition systems on the internet at the website www.marketstormai.com.

COMPLAINT

4903-8803-7798.2

**FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

**A.     Plaintiff's MARKETSTORM Trademark**

7.     Plaintiff is the owner of all rights in and to the MARKETSTORM trademark (the "Mark").

8.     Plaintiff has extensively used the Mark in connection with marketing and selling Plaintiff's AI- and data-driven marketing services, including by developing marketing campaigns and placing advertisements on websites, for nearly seven years.

9.     Plaintiff first used the Mark in commerce on or about April 20, 2019.

10.     On May 24, 2023, Plaintiff filed an application to register the Mark with the United States Patent and Trademark Office ("USPTO"), Serial No. 98-012,217.

11.     On June 11, 2024, the USPTO registered the Mark on the Principal Register under Registration No. 7,412,967 in International Class 35, for "Online advertising and marketing services, namely, development of marketing campaigns for others; ad serving, namely, placing advertisements on websites for others using specialized computer software."

12.     The Mark consists of standard characters without claim to any particular font style, size, or color.

13.     Plaintiff also owns and operates the website located at the URL "marketstorm.ai," through which it offers its services under the Mark.

14.     By virtue of Plaintiff's continuous and extensive use of the Mark since at least on or about April 20, 2019, and its federal registration on the Principal Register, the Mark is valid, subsisting, and incontestable or, at a minimum, is entitled to a presumption of validity under 15 U.S.C. § 1057(b).

15.     Plaintiff has invested substantial time, effort, and resources in developing and promoting its services under the Mark, and the Mark has acquired significant goodwill and consumer recognition in connection with Plaintiff's services.

**B.     Defendant's Infringing Activities**

16.     Upon information and belief, Defendant operates the website "www.marketstormai.com."  Defendant purports to be the "founder" of  "MarketstormAI," which

3

4903-8803-7798.2

purports to offer marketing and customer-acquisition systems for client businesses to generate leads and increase their client base.

17.     Defendant is using the term "MarketStorm" in marketing his products and services on his website and in his domain name, "www.marketstormai.com," without Plaintiff's authorization or consent.

18.     Defendant's use of the designation "MarketStorm" and the domain name "marketstormai.com" is confusingly similar to Plaintiff's registered Mark and Plaintiff's domain name, "marketstorm.ai."

19.     Upon information and belief, Defendant employs color schemes on his website that are similar to those used by Plaintiff in connection with its services, further increasing the likelihood of consumer confusion.

20.     Upon information and belief, Defendant uses Plaintiff's verbiage and taglines on his website in an apparent effort to impersonate Plaintiff or pass himself off as affiliated with Plaintiff. For example, Defendant's website uses the phrase, "The businesses that act on opportunities like this dominate their markets."  Upon information and belief, this is an attempt to mimic Plaintiff's marketstorm.ai website which states at the top of the homepage, "Dominate Your Market with MarketStorm."

21.     Upon information and belief, Defendant specifically targets consumers in the United States with his website "www.marketstormai.com," by, amongst other things, including testimonials from and examples of purported customers within the United States.  For example, the "www.marketstormai.com" includes a list of purported customers who successfully implemented Defendant's services, including an "HVAC contractor in Texas," a "Dental practice in Florida," a "Financial Manager in Colorado," and a "Chiropractor in New York."

22.     Upon information and belief, Defendant has also used or referenced the Mark on other electronic media, including social media platforms and e-commerce websites such as Amazon.com and YouTube, as well as other websites over which Defendant exercises control.

23.     Defendant's services are in the same field as Plaintiff's services (marketing and customer acquisition), thereby increasing the likelihood of confusion among consumers.

COMPLAINT                                                                                                                4903-8803-7798.2

24. On April 9, 2026, Plaintiff, through its counsel, sent Defendant a cease-and-desist letter via overnight delivery demanding that Defendant immediately cease all use of the Mark, preserve all materials reflecting his use of the mark, and provide written confirmation of compliance. To date, Defendant has failed to respond to Plaintiff's cease-and-desist letter, and Defendant continues to use the Mark.

**C.      Likelihood of Confusion and Harm**

25. Defendant's unauthorized use of the Mark and the domain name "marketstormai.com" is likely to cause confusion, mistake, or deception among consumers as to the source, sponsorship, affiliation, or endorsement of Defendant's goods and services.

26. Defendant's activities are likely to cause consumers to mistakenly believe that Defendant's goods and services originate from, are sponsored by, are endorsed by, or are otherwise affiliated with Plaintiff.

27. Upon information and belief, Defendant's infringing activities have caused and will continue to cause irreparable harm to Plaintiff, including damage to Plaintiff's goodwill, reputation, and business.

**<u>FIRST CAUSE OF ACTION</u>**

**(Federal Trademark Infringement Under 15 U.S.C. § 1114)**

**(Against Defendant)**

28. Plaintiff realleges and incorporates by reference each and every allegation set forth in the paragraphs above as though fully set forth herein.

29. Plaintiff is the owner of the federally registered MARKETSTORM trademark, Registration No. 7,412,967, registered on the Principal Register of the USPTO.

30. Without Plaintiff's consent or authorization, Defendant has used in interstate commerce a reproduction, counterfeit, copy, or colorable imitation of the registered MARKETSTORM mark in connection with the sale, offering for sale, distribution, or advertising of goods and services, including but not limited to the use of the designation "MarketStorm" and the domain name "marketstormai.com."

/ / /

COMPLAINT                                                                                          4903-8803-7798.2

31.    Defendant's use of the MARKETSTORM mark is likely to cause confusion, or to cause mistake, or to deceive consumers as to the origin, sponsorship, or approval of Defendant's goods and services.

32.    Defendant's acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

33.    Upon information and belief, Defendant's actions have been willful and deliberate, entitling Plaintiff to enhanced damages and attorneys' fees.

34.    As a direct and proximate result of Defendant's infringement, Plaintiff has suffered and will continue to suffer irreparable injury and damages in an amount to be proven at trial.

<strong><u>SECOND CAUSE OF ACTION</u></strong>

<strong>(False Designation of Origin and Unfair Competition Under 15 U.S.C. § 1125(a))</strong>

<strong>(Against Defendant)</strong>

35.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the paragraphs above as though fully set forth herein.

36.    Defendant has used in interstate commerce the designation "MarketStorm" and the domain name "marketstormai.com," as well as Plaintiff's verbiage, taglines, and similar color schemes, in connection with Defendant's offer of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and services by Plaintiff.

37.    Defendant's use of Plaintiff's verbiage and taglines, and Defendant's adoption of similar color schemes on his website, constitute a false designation of origin and false or misleading representation of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38.    Upon information and belief, Defendant's actions have been willful and deliberate.

39.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer irreparable injury and damages in an amount to be proven at trial.

/ / /

/ / /

6

COMPLAINT
4903-8803-7798.2

## THIRD CAUSE OF ACTION

### (Cybersquatting Under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d))

### (Against Defendant)

40.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the paragraphs above as though fully set forth herein.

41.    Plaintiff's MARKETSTORM mark is distinctive and was registered with the USPTO prior to Defendant's registration and use of the domain name "marketstormai.com."

42.    The domain name "marketstormai.com" is identical or confusingly similar to Plaintiff's registered MARKETSTORM mark.

43.    Upon information and belief, Defendant registered, trafficked in, or used the domain name "marketstormai.com" with a bad faith intent to profit from Plaintiff's MARKETSTORM mark, as evidenced by, among other things:

a.    Defendant's lack of any intellectual property rights in the MARKETSTORM mark;

b.    Defendant's use of the "marketstormai.com" domain name to offer goods and services that are identical to or competitive with those offered by Plaintiff under the MARKETSTORM mark;

c.    Defendant's adoption of Plaintiff's verbiage, taglines, and similar color schemes on the website hosted at the infringing domain, evidencing an intent to create a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the website;

d.    Defendant's failure to make bona fide noncommercial or fair use of the mark in the domain name; and

e.    The confusing similarity between the domain name "marketstormai.com" and Plaintiff's own URL, "marketstorm.ai."

44.    Defendant's conduct constitutes a violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

45.    As a direct and proximate result of Defendant's cybersquatting, Plaintiff has suffered and will continue to suffer irreparable injury and damages. Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1117(d).

/ / /

7

COMPLAINT                                                                                              4903-8803-7798.2

**FOURTH CAUSE OF ACTION**

**(Common Law Trademark Infringement)**

**(Against Defendant)**

46.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the paragraphs above as though fully set forth herein.

47.    Plaintiff has used the MARKETSTORM mark continuously in commerce since at least April 20, 2019, and has established common law rights in the Mark.

48.    Defendant, without authorization, has used a mark that is identical or confusingly similar to Plaintiff's MARKETSTORM mark in connection with the advertising, marketing, and sale of competing goods and services.

49.    Defendant's unauthorized use of the MARKETSTORM mark is likely to cause confusion, mistake, or deception among consumers as to the source, sponsorship, or affiliation of Defendant's goods and services.

50.    Defendant's conduct constitutes common law trademark infringement under the laws of the State of California.

51.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer irreparable injury and damages in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**

**(Unfair Business Practices Under Cal. Bus. & Prof. Code § 17200, et seq.)**

**(Against Defendant)**

52.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the paragraphs above as though fully set forth herein.

53.    California Business and Professions Code § 17200 prohibits any "unlawful, unfair, or fraudulent business act or practice."

54.    Defendant's unauthorized use of the MARKETSTORM mark, adoption and imitation of Plaintiff's verbiage and taglines, use of similar color schemes, and operation of the confusingly similar domain name "marketstormai.com" constitute unlawful, unfair, and/or fraudulent business acts or practices within the meaning of Cal. Bus. & Prof. Code § 17200, et seq.

COMPLAINT

4903-8803-7798.2

55.    Defendant's acts are "unlawful" because they violate the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and common law trademark protections, as set forth above.

56.    Defendant's acts are "unfair" because they offend established public policy and are immoral, unethical, oppressive, and unscrupulous, and the harm they cause to Plaintiff and consumers outweighs any utility of Defendant's conduct.

57.    Defendant's acts are "fraudulent" because they are likely to deceive consumers into believing that Defendant's goods and services are affiliated with, sponsored by, or approved by Plaintiff.

58.    As a direct and proximate result of Defendant's unfair business practices, Plaintiff has suffered injury in fact and has lost money or property.  Plaintiff is entitled to restitution and injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Creekstone Creative, LLC respectfully prays that this Court enter judgment in its favor and against Defendant Aksell Nicolaides as follows:

1.    That the Court issue a preliminary and permanent injunction enjoining Defendant, his agents, servants, employees, attorneys, and all persons acting in concert or participation with him, from:

a.    Using the MARKETSTORM mark or any mark confusingly similar thereto in connection with the advertising, marketing, promotion, offering for sale, or sale of any goods or services;

b.    Using any false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion or to deceive as to Defendant's affiliation with Plaintiff;

c.    Operating, maintaining, or using the domain name marketstormai.com or any other domain name incorporating the MARKETSTORM mark or any confusingly similar variation thereof; and

d.    Otherwise infringing Plaintiff's rights in the MARKETSTORM mark.

2.    That the Court order the cancellation or transfer to Plaintiff of the domain name "marketstormai.com" and any other domain names registered by Defendant that incorporate the MARKETSTORM mark or any confusingly similar variation thereof, pursuant to 15 U.S.C. § 1125(d)(1)(C).

9

3.      That the Court award Plaintiff actual damages sustained as a result of Defendant's infringing activities, in an amount to be proven at trial, together with Defendant's profits attributable to the infringement, pursuant to 15 U.S.C. § 1117(a).

4.      That the Court award Plaintiff enhanced damages up to three times the amount of actual damages or profits, pursuant to 15 U.S.C. § 1117(a), based on Defendant's willful infringement.

5.      That the Court award Plaintiff statutory damages pursuant to 15 U.S.C. § 1117(d) for Defendant's violation of the Anticybersquatting Consumer Protection Act, in an amount of not less than $1,000 and not more than $100,000 per domain name, as the Court considers just.

6.      That the Court award Plaintiff its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a), this being an exceptional case.

7.      That the Court award Plaintiff restitution and disgorgement of all revenues and profits derived by Defendant from his unlawful, unfair, and fraudulent business practices pursuant to Cal. Bus. & Prof. Code § 17203.

8.      That the Court award Plaintiff pre-judgment and post-judgment interest on any monetary award.

9.      That the Court award Plaintiff such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in this action.

DATED:  May 15, 2026                    BOUTIN JONES INC.

By: _____
                                         Michael E. Chase
                                         Shea J. Kenny

Attorneys for Plaintiff Creekstone Creative, LLC

COMPLAINT                                                          4903-8803-7798.2